IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HUONS BIOPHARMA CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> AQUAVIT HOLDINGS, LLC, <br><br> Defendant. | CIVIL ACTION NO. 1:25-CV-00636-RGA |

**PLAINTIFF'S OPENING BRIEF IN SUPPORT OF ITS**
<u>**MOTION FOR ALTERNATIVE SERVICE**</u>

Dated: August 7, 2025

OF COUNSEL:

Tony Phillips (*pro hac vice* forthcoming)
Nicole Steinberg (*pro hac vice* forthcoming)
PILLSBURY WINTHROP SHAW PITTMAN LLP
1200 17th Street NW
Washington, DC 20036
(202) 663.8000
tony.phillips@pillsburylaw.com
nicole.steinberg@pillsburylaw.com

BAYARD, P.A.

Stephen B. Brauerman (No. 4952)
600 N. King Street, Suite 400
Wilmington, Delaware 19801
(302) 655-5000
sbrauerman@bayardlaw.com

*Counsel for Plaintiff Huons BioPharma Co., Ltd.*

## TABLE OF CONTENTS

Page

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | FACTUAL AND PROCEDURAL BACKGROUND | 2 |
| III. | ARGUMENT | 5 |
| | A. Legal Standard | 5 |
| | B. Service Upon Defendant is Impracticable and Email Service is Reasonably Calculated to Provide Notice | 7 |
| IV. | CONCLUSION | 8 |

## TABLE OF AUTHORITIES

Page(s)

Cases

*Alfred E. Mann Living Tr. v. ETIRC Aviation S.A.R.L*,
   78 A.D.3d 137 (1st Dep't 2010) ...............................................................................................6

*Americold Realty Tr. v. ConAgra Foods, Inc.*,
   577 U.S. 378 (2016) ..................................................................................................................5

*Aquavit Holdings, LLC v. Huons Biopharma Co.*,
   No. 1:25-cv-00748-RGA ...........................................................................................................2

*Cargill Fin. Servs. Int'l, Inc. v. Barshchovskiy*,
   No. 24-cv-5751 (LJL), 2024 WL 4240998 (S.D.N.Y. Sept. 19, 2024) ................................6, 7

*D.R.I., Inc. v. Dennis*,
   No. 03 Civ. 10026 (PKL), 2004 WL 1237511 (S.D.N.Y. June 3, 2004) ..................................6

*DIVX, LLC v. LG Elecs., Inc.*,
   C.A. No. 20-1202-CFC-JLH, 2021 WL 411708 (D. Del. Feb. 5, 2021) ..................................7

*Dobkin v. Chapman*,
   21 N.Y.2d 490 (1968) ...............................................................................................................6

*Ferrarese v. Shaw*,
   164 F. Supp. 3d 361 (E.D.N.Y. 2016) ......................................................................................6

*Liu v. Chang*,
   No. 656209/2020 (Sup. Ct. N.Y. Cnty. Oct. 2, 2023) ..............................................................1

*Liu v. Chang*,
   No. 1:24-cv-09180-KPF (E.D.N.Y. Nov. 29, 2024) .................................................................1

*Sec. & Exch. Comm'n v. HGI, Inc.*,
   No. 99 Civ. 3866 (DLC), 1999 WL 1021087 (S.D.N.Y. Nov. 8, 1999) ...................................6

Rules and Regulations

Federal Rules of Civil Procedure
   Rule 4 ................................................................................................................................1, 5, 7

New York Civil Practice Law and Rules
   Section 308 ............................................................................................................................1, 6

Pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure and New York Civil Practice Law and Rules ("CPLR") § 308(5), Plaintiff Huons BioPharma Co., Ltd. ("Plaintiff"), respectfully moves this Court for an Order authorizing alternative service of the Summons and Complaint in this action on Defendant Aquavit Holdings, LLC ("Defendant") by email to its managing member, Sobin Chang, at her email address: sobin.chang@aquavitpharma.com.

I.   INTRODUCTION

Regrettably, the same furtiveness by Defendant that necessitated initiating this action now forces Plaintiff to burden the Court with a request for alternative service. Since filing the complaint in this action (D.I. No. 1) (the "Complaint") over two months ago, Plaintiff has attempted service on Defendant's registered agent and on Defendant's managing member, Ms. Chang, both at their respective offices and homes, totaling no less than 10 attempts in 5 locations. None of Plaintiff's diligent efforts have been successful. Both Defendant and its affiliate's registered addresses are temporary co-working spaces, as is the address of its registered agent, and Ms. Chang has yet to respond to a process server at her residential address.[1]

However, Ms. Chang has surfaced via email. Shortly after Plaintiff's counsel sent her a courtesy copy of the Complaint in May of this year, Ms. Chang responded via email, claiming

---

[1] Ms. Chang's residential address was also featured in a case pending in the Supreme Court of New York, New York County. (*See* Notice of Removal, *Liu v. Chang*, No. 1:24-cv-09180-KPF (S.D.N.Y. Nov. 29, 2024), D.I. No. 1) There, the plaintiff attempted service at the same registered address for Aquavit Pharmaceuticals Inc., which Ms. Chang described in a filing as "outdated by over a decade" and "unrelated to [Ms. Chang] or the corporations involved [Aquavit Pharmaceuticals Inc.]." (*Id.* at 48). Ms. Chang's statements in that case belie the fact that Aquavit Pharmaceuticals Inc. currently maintains an active registration with the New York Department of State, presently listing this purportedly "outdated" and "unrelated" address for service of process. (Phillips Decl. Ex. 6). In a subsequent order in the *Liu* case, the New York Supreme Court noted, in holding Ms. Chang in contempt, "[h]ad plaintiff sought incarceration of defendant, the Court would have been compelled, under these circumstances, to grant such relief." (Decision & Order of Contempt, *Liu v. Chang*, No. 656209/2020 (Sup. Ct. N.Y. Cnty. Oct. 2, 2023), Dkt. No. 193).

1

that Plaintiff's filings in this action had damaged Defendant, baselessly alleging breach of contract by Plaintiff, and making a string of demands on Plaintiff. While she and her company hide from the disputes Defendant has caused in real life, Ms. Chang shows no reluctance in taking up disputes online.

Further, Ms. Chang initiated a separate lawsuit in this same Court, on behalf of a later-created Aquavit Holdings, LLC entity ("Aquavit II"), alleging breaches of the same License and Supply Agreement ("LSA") that is the subject of Plaintiff's suit. *See Aquavit Holdings, LLC v. Huons Biopharma Co.*, No. 1:25-cv-00748-RGA (the "Aquavit II Action"). Despite multiple prior requests, Plaintiff only learned that Ms. Chang had retained counsel after learning of the Aquavit II Action. Still, to date, counsel for Aquavit II has refused either to acknowledge representing Defendant or to accept service on its behalf.

As demonstrated in further detail below, Plaintiff has established that traditional service upon Defendant is impractical, and Plaintiff respectfully requests that the Court authorize alternative service on Ms. Chang, Defendant's CEO and only member, via the email address she routinely and continuously uses in conducting Defendant's business with Plaintiff, that she used on behalf of Defendant to allege breaches of the LSA (the written agreement underlying Plaintiff's claims here), and that she has already used in an email that acknowledged actual notice of the Complaint: sobin.chang@aquavitpharma.com.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff entered into the LSA with Defendant on April 12, 2021, wherein Defendant agreed to register, distribute, and commercialize Plaintiff's botulinum toxin product (the "Product") in the United States and Canada. Ms. Chang executed the LSA on behalf of Defendant as its "President and CEO." (D.I. No. 9, LSA). Despite numerous requests by Plaintiff, Defendant refused to provide a contractually required plan and timeline for clinical

trials of the Product (Compl. ¶¶ 20-22); refused to provide documentation and correspondence with the U.S. Food and Drug Administration ("FDA") concerning a clinical hold placed on the Product (*id.* ¶¶ 23-28); and refused to respond to Plaintiff's contractually permitted audit request (*id.* ¶¶ 29-36) — all in material breach of the LSA's terms. Accordingly, Plaintiff terminated the LSA on April 11, 2025. (*Id.* ¶¶ 42-43). In response to Plaintiff's notice of termination, Ms. Chang threatened to initiate a Section 337 investigation before the U.S. International Trade Commission, leaving Plaintiff with no choice but to file the instant action (*id.* ¶ 44) and to seek an injunction restraining Defendant from making good on Ms. Chang's threat (D.I. Nos. 4-5).

Plaintiff initiated this action and filed its Complaint on May 22, 2025, filing Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (D.I. No. 4) the following day. On May 23, 2025, Plaintiff's counsel emailed a courtesy copy of the Complaint and Plaintiff's other filings to Ms. Chang, at the email address she routinely uses to correspond with Plaintiff, and requested a phone call from Defendant's retained counsel, if any. (Phillips Decl. Ex. 1). Ms. Chang ignored the email and provided no contact information for counsel. (*Id.*). Instead, on June 3, 2025, from the same email address to which Plaintiff sent her a courtesy copy of the Complaint, Ms. Chang sent an email to Plaintiff's chief executive officer, in which she expressly mentioned Plaintiff's "recent legal filings and associated public disclosures." (Phillips Decl. Ex. 2 at 1). Again, and still without providing contact information for Defendant's counsel, Ms. Chang made a series of baseless allegations against—and unmerited contract demands of—Plaintiff. (*Id.*).

On May 30, 2025, Plaintiff first attempted service of the Complaint on Defendant at the address of Defendant's registered agent listed with the Nevada Secretary of State: 3753 Howard Hughes Pkwy, 2nd Floor, Las Vegas, NV 89169.  (Phillips Decl. Exs. 3, 4). Following that

3

unsuccessful attempt, Plaintiff was informed by the process server that the address is office space occupied by Regus, a "virtual office" with "no receptionist" or directory. (Phillips Decl. Ex. 4). Accordingly, Plaintiff located the residential address of Defendant's registered agent and attempted service there four additional times, on June 11, 12, 13, and 16; yet, each additional attempt was likewise unsuccessful. (Phillips Decl. Ex. 5).

With no luck locating Defendant's registered agent, Plaintiff attempted to find and serve Defendant's managing member and sole officer, Ms. Chang. Ms. Chang is listed as the registered agent for Defendant's affiliate, Aquavit Pharmaceuticals Inc. ("Aquavit Inc."), with the address 100 Park Avenue, New York, New York 10017. (Phillips Decl. Ex. 6). On July 21, 2025, after an unsuccessful service attempt there, the process server learned and reported back that the New York address is another "Regus … shared office space" and that the Regus representatives had "no knowledge of Aquavit." (Phillips Decl. Ex. 7 at 1). The following day, on July 22, 2025, Plaintiff directed the process server to attempt service at Aquavit Inc.'s second publicly listed address, 145 W 57th Street, Floor 15, New York, NY 10019; this too was unsuccessful. (*Id.*). The process server learned and reported back that the "most recent tenants of the 15th Floor moved out years ago." (*Id.*). Finally, Plaintiff located a residential address for Ms. Chang, 157 W 57th Street, New York, NY 10019, and attempted service there on July 28, 29, and August 1. (*Id.*). Although the doorman on duty confirmed that Ms. Chang resides at this address, the process server received no response to any attempts to reach her there. (*Id.*).

Amidst Plaintiff's diligent attempts to serve Defendant or its CEO, Ms. Chang, she initiated a separate lawsuit (the Aquavit II Action), in this same Court, detailing a dispute over the same LSA, on behalf of a Bahamian entity also called "Aquavit Holdings, LLC" (Aquavit II). Despite Ms. Chang's acknowledgment on June 3 of Plaintiff's first-filed Complaint arising from

4

the LSA (Phillips Decl. Ex. 2), Counsel for Aquavit II filed its mirror-image complaint in a separate action rather than as compulsory counterclaim in this action.

Since initiating the Aquavit II Action, Plaintiff's counsel and Aquavit II's counsel have corresponded and spoken by phone, with Plaintiff's counsel requesting that the parties exchange service. Perplexingly, Aquavit II's counsel has yet to confirm or deny whether he represents Defendant or, otherwise, to provide contact information for Defendant's counsel. Instead, Aquavit II's counsel has recently stated that he cannot accept service on Defendant's behalf. (Phillips Decl. Ex. 9).

Meanwhile, as recently as July 10, 2025, Ms. Chang continues to correspond with Plaintiff on behalf of Defendant using the same email address: [sobin.chang@aquavitpharma.com](mailto:sobin.chang@aquavitpharma.com)). (Phillips Decl. Ex. 10).

### III.  ARGUMENT

#### A.  Legal Standard

Federal Rule of Civil Procedure 4(e)(1) permits service upon a party to be effected by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located **or where service is made** . . .." FRCP 4(e)(1) (emphasis added). As an unincorporated entity, Defendant is a citizen of all states where its members are citizens. *See Americold Realty Tr. v. ConAgra Foods, Inc.*, 577 U.S. 378, 382 (2016) ("As [the party] is not a corporation, it possesses its members' citizenship."). Defendant's registration statement with the Nevada Secretary of State lists Ms. Chang as its "Managing Member" and only officer. (Phillips Decl. Ex. 3). Upon information and belief, Ms. Chang is domiciled in New York. Accordingly, service may be effected on Defendant by serving Ms. Chang under New York law, specifically Section 308 of New York's Civil Practice Law and Rules ("CPLR").

5

In New York, service may be effectuated "in such manner as the court, upon motion without notice directs" if service is "impracticable" by certain methods listed in the statute. CPLR § 308(5). Whether service is impracticable "depends upon the facts and circumstances of the particular case." *Sec. & Exch. Comm'n v. HGI, Inc.*, No. 99 Civ. 3866 (DLC), 1999 WL 1021087, at *1 (S.D.N.Y. Nov. 8, 1999) (citations omitted). The New York Court of Appeals held that a court's discretion to fashion alternative methods of service "must be broad" if the statute is to be "meaningful." *Dobkin v. Chapman*, 21 N.Y.2d 490, 499 (1968). In fact, a showing of impracticality "does not require proof of due diligence or of actual prior attempts to serve a party under the other provisions of the statute." *Ferrarese v. Shaw*, 164 F. Supp. 3d 361, 365 (E.D.N.Y. 2016). Impracticability is the only threshold.

Upon a showing of impracticability, a court may authorize any method of service that is "reasonably calculated" to give the defendant notice of the pending lawsuit. *Id.* at 367; *see also D.R.I., Inc. v. Dennis*, No. 03 Civ. 10026 (PKL), 2004 WL 1237511, at *1 (S.D.N.Y. June 3, 2004) ("When usual methods of service prove impracticable, service that is reasonably calculated, under all the circumstances, to apprise the interested party of the pendency of the action will suffice.") (internal quotations marks and citations omitted).

New York courts have deemed service by email to be an appropriate method under CPLR § 308(5). *See e.g., Alfred E. Mann Living Tr. v. ETIRC Aviation S.A.R.L*, 78 A.D.3d 137, 141 (1st Dep't 2010) (collecting cases that establish that "both New York courts and federal courts have, upon application by plaintiffs, authorized e-mail service of process as an appropriate alternative method when the statutory methods have proven ineffective"); *Cargill Fin. Servs. Int'l, Inc. v. Barshchovskiy*, No. 24-cv-5751 (LJL), 2024 WL 4240998, at *3 (S.D.N.Y. Sept. 19, 2024) ("Where a plaintiff demonstrates that email is likely to reach the defendant, courts have

6

repeatedly held that service by email satisfies the requirements of due process.") (citation omitted). This Court has also held that service by email was "reasonably calculated" to provide the notice required under similar Federal Rule of Civil Procedure 4(f). *DIVX, LLC v. LG Elecs., Inc.*, C.A. No. 20-1202-CFC-JLH, 2021 WL 411708, at *2 (D. Del. Feb. 5, 2021).

        B.        **Service Upon Defendant is Impracticable and Email Service is Reasonably Calculated to Provide Notice**

Plaintiff has diligently made ten good faith attempts to serve Defendant at five physical locations, and all have been unsuccessful. Both Defendant and Aquavit Inc.'s registered addresses are virtual office spaces with no indication of either company's existence. Further, while Plaintiff has seemingly located Ms. Chang's residential address, she has failed to answer three attempts to serve her there. Finally, counsel at Ms. Chang's direction in the Aquavit II Action has refused either to acknowledge representing Defendant or to accept service on its behalf. Accordingly, service upon Defendant has been rendered impracticable following numerous good faith attempts and significant cost incurred by Plaintiff.

Here, however, service by email is not only "reasonably calculated" to provide notice to Defendant (through its managing member and sole officer, Ms. Chang), but Ms. Chang also confirmed by email that she *already has notice* of this action. Since executing the LSA on April 12, 2021, Plaintiff has communicated with Defendant through Ms. Chang almost exclusively by email at the email address, sobin.chang@aquavitpharma.com. Plaintiff's counsel sent a courtesy copy of the Complaint to this email address, and Ms. Chang responded from this email address to complain about Plaintiff's "legal filings." (Phillips Decl. Ex. 2 at 1). Moreover, Ms. Chang continues, on behalf of Defendant, to correspond with Plaintiff using this email, including as recently as July 10, 2025. (Phillips Decl. Ex. 10). Accordingly, service by email is reasonably

7

calculated to provide Defendant with notice of this suit, as its managing member and sole officer, Ms. Chang, has acknowledged this suit by email already.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant its motion to for alternative service and enter an Order authorizing alternative service of the Summons and Complaint on Defendant Aquavit Holdings, LLC by email to its managing member and sole officer, Ms. Chang, at her email address: sobin.chang@aquavitpharma.com.

Dated: August 7, 2025

OF COUNSEL:

Tony Phillips (*pro hac vice* forthcoming)
Nicole Steinberg (*pro hac vice* forthcoming)
PILLSBURY WINTHROP SHAW PITTMAN LLP
1200 17th Street NW
Washington, DC 20036
(202) 663.8000
tony.phillips@pillsburylaw.com
nicole.steinberg@pillsburylaw.com

**BAYARD, P.A.**

/s/ *Stephen B. Brauerman*
Stephen B. Brauerman (No. 4952)
Emily L. Skaug (No. 6921)
600 N. King Street, Suite 400
Wilmington, Delaware 19801
(302) 655-5000
sbrauerman@bayardlaw.com
eskaug@bayardlaw.com

*Counsel for Plaintiff Huons BioPharma Co., Ltd.*

## **CERTIFICATION PURSUANT TO DISTRICT OF DELAWARE LOCAL RULE 7.1.1**

Pursuant to Delaware Local Rule 7.1.1, the undersigned hereby certifies that Plaintiff could not discharge the meet and confer requirement concerning its motion for alternate service because counsel for Aquavit II has yet to confirm that he is also representing Defendant. Should counsel appear, Plaintiff will promptly notify the Court if this motion may be resolved by agreement.

*/s/ Stephen B. Brauerman*
Stephen B. Brauerman (No. 4952)