# Exhibit 2

**From:** Sobin Chang <sobin.chang@aquavitpharma.com>
**Sent:** Tuesday, June 3, 2025 12:25 PM
**To:** 김영목 <ymkim@huonsbiopharma.com>
**Cc:** Phillips, Tony <tony.phillips@pillsburylaw.com>; 윤성태 <styoon@huonsglobal.com>
**Subject:** Immediate Action Required – Unlawful Disclosure, Defamatory Conduct, and Trade Secret Misappropriation

Dear Mr. Kim,

We write in response to your recent legal filings and associated public disclosures. These actions—compounded by deliberate and unlawful media leaks—have caused substantial reputational and commercial harm to Aquavit Holdings and its affiliates ("Aquavit").

### 1. Summary Denial of Your TRO Application

As you are aware, the U.S. District Court for the District of Delaware summarily DENIED your application for a Temporary Restraining Order (TRO), recognizing it lacked merit, urgency, and evidentiary basis. Despite this, your company has pursued a parallel campaign of public defamation, misrepresentation, and breach of confidentiality that is actionable under multiple legal frameworks.

### 2. Breach of Confidentiality and Trade Secret Misappropriation

During the U.S. Memorial Day holiday weekend, Huons filed a TRO motion that included, as an exhibit, the full, unredacted License and Supply Agreement (LSA)—a document contractually designated as strictly confidential.

This public disclosure constitutes:

- A material breach of the LSA, including express confidentiality clauses;

- Misappropriation of trade secrets under the U.S. Defend Trade Secrets Act (DTSA) and Delaware Uniform Trade Secrets Act;

- A violation of common law duties of confidentiality.

The LSA contains highly sensitive information, including development milestones, regulatory strategy, and royalty structures—each developed by Aquavit at significant cost. Unauthorized disclosure of these materials has placed Aquavit at severe and irreparable risk.

### 3. Dissemination of False and Defamatory Claims

Since the filing of your TRO motion, multiple Korean media outlets have published articles quoting Huons or based on information attributed to Huons. These articles contain numerous false and misleading statements that

have damaged Aquavit's reputation, misinformed the public, and disrupted our business. Among the most egregious are:

- **That Aquavit failed to file an IND due to its incompetence and delay**
  False. FDA's push back was entirely due to lack of appropriate preclinical and CMC data and delay by Huons.

- **That Huons lawfully terminated the agreement "for cause"**
  False. No valid termination has occurred. Moreover, the allegations cited as justification are meritless and contradicted by the facts and contract history.

- **That Huons is actively pursuing new licensing partnerships in the U.S.**
  This assertion strongly suggests that Huons intends to repurpose and re-license Aquavit's proprietary regulatory infrastructure and confidential development work with alternative partners. Any such activity would constitute a blatant violation of the LSA and unlawful misappropriation of Aquavit's trade secrets, including confidential FDA correspondence, clinical strategies, and commercial plans.

These fabrications are not only inaccurate—they are clearly intended to cause reputational damage, coerce Aquavit into a disadvantageous legal posture, and facilitate Huons' improper commercial objectives.

Most egregiously, one or more articles published the milestone and royalty tables from the LSA. These disclosures severely disrupted our investor communications and threatened upcoming regulatory milestones.

**4. Deliberate Pre-Filing Media Leak and "Exclusive" Label**

A media article dated May 25 was labeled "Exclusive" and referenced materials—including the LSA and alleged internal FDA communications—that were not yet publicly available via court docket. This clearly implies that Huons or its agents pre-disclosed confidential documents to media outlets in Korea. Such conduct:

- Demonstrates intent to cause reputational damage;

- Confirms unlawful dissemination of trade secrets and private contractual terms;

- Reflects a coordinated strategy to pressure Aquavit and posture Huons for re-licensing.

This campaign is not only improper—it's actionable.

**5. Resulting Damages**

As a direct result of your conduct, Aquavit has:

- Suffered damage to its reputation with regulators, investors, and strategic partners;

- Had confidential investor discussions disrupted;

- Been forced to divert significant resources from clinical and regulatory operations to address unlawful public disclosures.

**DEMAND FOR IMMEDIATE ACTION**

We hereby demand that Huons BioPharma and its affiliates **IMMEDIATELY:**

1. File a motion to seal the unredacted LSA from the Delaware court docket;

2

2. Issue formal retractions and corrections to all media outlets involved, including but not limited to Digital Daily;

3. Confirm in writing that no confidential materials—including the LSA or related Aquavit communications—have been disclosed to third parties or potential licensing partners.

Failure to comply will be treated as continuing willful misconduct. Aquavit will pursue all available legal remedies, including injunctive relief, compensatory and punitive damages, and trade secret enforcement under U.S. and international law.

This letter is sent without prejudice to all rights and remedies Aquavit may have in law or equity.

Sincerely,

Sobin Chang



**Notice** - The information and attachment(s) contained in this communication are intended for the addressee only, and may be confidential and/or legally privileged. If you have received this communication in error, please contact the sender immediately, and delete this communication from any computer or network system. Any interception, review, printing, copying, re-transmission, dissemination, or other use of, or taking of any action upon this information by persons or entities other than the intended recipient is strictly prohibited by law and may subject them to criminal or civil liability. Aquavit Pharmaceuticals, Inc. shall not be liable for the improper and/or incomplete transmission of the information contained in this communication or for any delay in its receipt.