IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HUONS BIOPHARMA CO., LTD.,<br>Plaintiff,<br>v.<br>AQUAVIT HOLDINGS, LLC,<br>Defendant. | Civil Action No. 25-636-RGA |

ORDER

The above-captioned case is a consolidation of two separately-filed cases.

One of the cases is Huons BioPharma suing Aquavit Holdings, LLC. (D.I. 1).[1] In that case, Plaintiff Huons identifies Aquavit as being a "limited liability company organized under the laws of Nevada" with a registered address in Nevada. (*Id.* at 2). The second case is Aquavit Holdings, LLC suing BioPharma. In that case, Aquavit identifies itself as "a privately held Bahamian International Business Company (IBC)." (No. 25-748, D.I. 2 at 3). In its disclosure statement, Aquavit discloses that its principal place of business is at "Charlotte House, 1st Floor, Shirley & Charlotte Streets, Nassau, The Bahamas." (*Id.*, D.I. 4). Both suits involve a "license & supply agreement" between Huons and Aquavit. (D.I. 9; No. 25-748, D.I. 2-1). The agreements appear to be identical. Both agreements identify the Aquavit party as "Aquavit Holdings, LLC[,] having its main office at Caves Village West Bay Street, CB11148 Nassau, The Bahamas." (D.I.

[1] References to docket items without a case number are filed in No. 25-636. References to docket items filed in No. 25-748 include the case number.

9 at 2 of 23; No. 25-748, D.I. 21 at 2 of 23). Sobin Chang, "CEO & President" signed the agreement for Aquavit.

The Nevada LLC that Huons has sued certainly appears to exist. (D.I. 16-3). Its "managing member" is Sobin Chang. (*Id.*).

The parties dispute which "Aquavit Holdings, LLC" is the correct party to these cases. (*E.g.*, D.I. 16-9 at 2-5 (email chain)). That is not a dispute I can resolve at this stage of the cases.

In the case with Huons as Plaintiff, Huons has filed a motion for alternative service by email on the Nevada LLC. (D.I. 14). Based on the recitation of facts in the brief and the accompanying declaration, it appears that Sobin Chang is the principal of the same-named Nevada LLC and the Bahamas entity. She is thus on the one hand using this court to sue Huons while on the other hand avoiding service when Aquavit is the one sued. I find service by normal methods to be impracticable. I authorize service by email at the address that Ms. Chang regularly uses. (*See* D.I. 15 at 5; D.I. 16-2; D.I. 16-10). The motion for alternative service (D.I. 14) is **GRANTED**.

Huons has sought a preliminary injunction against Aquavit (D.I. 4) and Aquavit has sought a preliminary injunction against Huons (No. 25-748, D.I. 8). Both movants filed an opening brief, Huons on May 23, 2025, and Aquavit on July 11, 2025. Once service by email is effected on the Nevada LLC, the Nevada LLC has two weeks to file an answering brief to the preliminary injunction motion pending against it. It does not appear that Aquavit served Huons (which is a Korean entity), but it is possible that Huons has waived service. (No. 25-748, D.I. 23 at 2, citing D.I. 21 & D.I. 22). Houns is directed to file an answering brief in response to the preliminary injunction motion pending against it by two weeks after it effects service on the

Nevada LLC. In other words, both sides' answering briefs are due on the same day. The parties should meet and confer to make sure they agree on what day that is.

IT IS SO ORDERED this 24th day of October 2025.

Richard G. Andrews
United States District Judge