**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| HUONS BIOPHARMA CO., LTD.,<br>Plaintiff,<br>v.<br>AQUAVIT HOLDINGS, LLC,<br>Defendant. | C.A. No. 25-cv-636-RGA |

**DEFENDANT'S MOTION TO DISMISS**

## I. INTRODUCTION

Huons Biopharma Co., Ltd.'s ("Huons") Complaint is fatally flawed at the threshold: it names the wrong defendant. The License and Supply Agreement ("LSA") that forms the entire basis of Huons' claims was executed in April 2021 between Huons and Aquavit Holdings, LLC, a Bahamian company ("Aquavit Bahamas"), not the Nevada limited liability company Huons has sued here ("Aquavit Nevada" or "Defendant"). Aquavit Nevada did not sign, assume, or perform under the LSA; it has no contractual, financial, or jurisdictional relationship with Huons.

Accordingly, the Court lacks personal jurisdiction over Aquavit Nevada, venue is improper, and Huons cannot state any claim for breach or declaratory relief against it. Aquavit Nevada's motion should be granted, and Huons' Complaint should be dismissed in its entirety.

## II. BACKGROUND

### A. The Parties

Huons is a Korean pharmaceutical company that developed and manufactures a botulinum toxin type-A product, commonly known in the U.S. as "Botox." (D.I. 1 at ¶¶ 5, 11). Aquavit Nevada is a limited liability company organized under the laws of Nevada. (*Id*. at ¶ 6). Aquavit

Nevada was not a party to the LSA (*See* D.I. 9 (LSA) at pg. 1 (identifying Bahamian entity)), and did not assume any rights or obligations thereunder.

**B. The License and Supply Agreement**

On April 12, 2021, Huons and Aquavit Bahamas executed the LSA, granting Aquavit Bahamas exclusive commercialization rights for Huons' botulinum toxin product(s) (the "Product(s)") in the United States and Canada. (D.I. 1 at ¶¶ 1, 13). The executed LSA identifies the licensee as "Aquavit Holdings, LLC," with its main office in Nassau, The Bahamas. (D.I. 9 at pg. 1). No reference is made to Aquavit Nevada, and Huons' own exhibits confirm that the Bahamian entity was the contracting licensee. (*Id.*).

**C. Procedural History**

Despite the LSA's indication that the Aquavit signatory was a Bahamian party, Huons filed the present action against Aquavit Nevada in June 2025, alleging breaches of the LSA and seeking injunctive and declaratory relief. The Court denied Huons' motion for a temporary restraining order, and Huons' motion for a preliminary injunction is not yet fully briefed. Separately, Aquavit Bahamas filed its own action in this Court against Huons for wrongful termination and breach of the same LSA. The Court recently consolidated the two actions for case-management purposes. The Court has also granted Huons' motion for alternative service in this action, but has not yet addressed personal jurisdiction and venue issues.

## III. LEGAL STANDARD

### A. Personal Jurisdiction

Federal Rule of Civil Procedure 12(b)(2) requires the Court to dismiss any case in which it lacks personal jurisdiction. Fed. R. Civ. P. 12(b)(2); *E.I. DuPont de Nemours & Co. v. Rhodia Fiber & Resin Intermediates*, 197 F.R.D. 112, 119 (D. Del. 2000). The determination of whether the court

has personal jurisdiction over a party requires a two-part analysis. *Id.* First, the court must determine whether a defendant's actions fall within the scope of a state's long-arm statute. *Id*. Second, the court must determine whether the exercise of jurisdiction comports with the Due Process Clause of the Constitution. *Id*. The Delaware long-arm statute has been construed to confer jurisdiction to the maximum extent possible under the Due Process Clause. *See Kabbaj v. Simpson*, 547 F. App'x 84, 86 n.6 (3d Cir. 2013). Constitutional due process is satisfied if "sufficient minimum contacts exist between the defendant and the forum state to satisfy traditional notions of fair play and substantial justice." *TriStrata Tech., Inc. v. Emulgen Labs., Inc.*, 537 F. Supp. 2d 635, 641 (D. Del. 2008). The purpose of this requirement is to ensure that "defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there." *Id.*

**B. Venue**

Pursuant to 28 U.S.C. § 1391(b), venue for a civil action is proper in (1) "a judicial district in which any defendant resides, if all defendants are residents of the State"; (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred"; or (3) "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction."

Pursuant to 28 U.S.C. § 1391(c)(2), a defendant "shall be deemed to reside…in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question."

**C. Pleading Requirements**

To survive a Rule 12(b)(6) motion to dismiss, a pleading must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A pleading that only "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. (*quoting Twombly*, 550 U.S. at 555). A court need not credit "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429 (3d Cir. 1997).

## IV. ARGUMENT

### A. The Complaint Should be Dismissed for Lack of Personal Jurisdiction (Rule 12(b)(2))

Huons' sole basis for alleging personal jurisdiction over Aquavit Nevada in the Complaint is premised on the LSA's provision in Section 22 that the parties submitted to the exclusive jurisdiction of this Court to resolve any disputes over the LSA. (D.I. 1 at ¶ 7). However, as detailed above, Aquavit Nevada is not a signatory to the LSA, and is not bound by the exclusive jurisdiction provision of the LSA. Further, Huons pleads no facts showing Aquavit Nevada is closely related to the LSA or Aquavit Bahamas, such that it should be bound by the LSA despite not being a signatory to the LSA. Because there is no personal jurisdiction over Aquavit Nevada, dismissal under Rule 12(b)(2) is warranted.

Aquavit Nevada is not subject to general personal jurisdiction in Delaware. Aquavit Nevada is a Nevada limited liability company and is not alleged to have offices, employees, property, or operations in Delaware. Similarly, it is not alleged to have transacted business, entered into a contract, or conducted any activity in or directed at Delaware. Accordingly, the Complaint relies solely on the allegation that Aquavit Nevada is a signatory to the LSA and contains no allegations that jurisdiction is proper based on Aquavit Nevada being "at home" in this jurisdiction. General personal jurisdiction is therefore not alleged and unavailable. *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (corporation subject to general jurisdiction only where it is "essentially at

home”).

Nor is specific personal jurisdiction over Aquavit Nevada alleged based on anything other than the incorrect assertion that Aquavit Nevada was a signatory to the LSA. Huons does not allege that Aquavit Nevada purposefully availed itself of Delaware, or that Aquavit Nevada’s claims arise out of or relate to any activity by Aquavit Nevada in Delaware. Indeed, the LSA giving rise to this dispute was negotiated and executed between Huons and Aquavit Bahamas, not the Nevada entity, and performance is not alleged to have occurred in Delaware. Thus, this Court does not have specific personal jurisdiction over Aquavit Nevada. *See Bristol-Myers Squibb Co. v. Superior Court*, 582 U.S. 255, 262 (2017) (specific jurisdiction requires that the suit “aris[e] out of or relat[e] to the defendant’s contacts with the forum.” (citation omitted)).

**B. Huons’ Complaint Should be Dismissed for Improper Venue (Rule 12(b)(3))**

Huons’ Complaint should be dismissed for the additional reason that venue is improper. According to Huons’ Complaint, venue is proper under 28 U.S.C. § 1391(b)(1) and (c)(2), because the Defendant “consent[ed] to personal jurisdiction in this District,” via the LSA’s exclusive jurisdiction provision in Section 22, referenced above. (D.I. 1 at ¶ 10). Venue under § 1391(b) is proper where the defendant “resides” and venue under § 1391(c)(2) is proper where a defendant is subject to personal jurisdiction. 28 U.S.C. § 1391. As conceded in the Complaint, Aquavit Nevada is a Nevada limited liability company (D.I. 1 at ¶ 6) and Huons does not allege that Aquavit Nevada is resident in Delaware. And, as detailed in Section IV.A., the LSA does not supply personal jurisdiction over Aquavit Nevada because Aquavit Nevada is not a party to that agreement. Thus, for the same reasons, Huons’ venue allegations which depend on those personal jurisdiction allegations must fail as well. Accordingly, the Court should dismiss Huons’ Complaint under Rule 12(b)(3) for improper venue.

**C. Huons' Complaint Should be Dismissed for Failure to State a Claim (Rule 12(b)(6))**

Huons' claims for jurisdiction and venue depend on alleged breaches of the LSA. Yet that contract, which Huons attached to the Complaint, names a Bahamian Aquavit entity as the counterparty. Aquavit Nevada is not mentioned anywhere in the LSA, and Huons pleads no facts suggesting it was a signatory, successor, or assignee. Indeed, as far as Aquavit Nevada is aware, Huons did not know of its existence until shortly before it filed its Complaint, attempting to circumvent the requirements of service through the Hague Convention.

In order to maintain a cause of action for breach of contract, a plaintiff must prove, *inter alia*, the existence of a contract between the plaintiff and the defendant. *See, e.g., Winston v. Mandor*, 710 A.2d 835, 840 (Del. Ch. 1997). It is well-settled that "only a party to a contract may be sued for breach of that contract." *Wallace ex rel. Cencom Cable Income Partners II, Inc. v. Wood*, 752 A.2d 1175, 1180 (Del. Ch. 1999) (dismissing claim against non-signatory corporate parent); *see also Eastman Chem. Co. v. AlphaPet Inc.*, No. CIV.A. 09-971-LPS, 2011 WL 5402767, at *10–11 (D. Del. Nov. 4, 2011) (same), *report and recommendation adopted*, No. CIV.A. 09-971-LPS, 2011 WL 6148637 (D. Del. Dec. 9, 2011). And where a claimant cannot state a cause of action for breach of contract, it necessarily follows that the claimant cannot plead a claim for declaratory judgment based upon that alleged breach of contract. *See Veloric v. J.G. Wentworth, Inc.*, C.A. No. 9051-CB, 2014 WL 4639217, at *20 (Del. Ch. Sept. 18, 2014) (holding claim for declaratory judgment necessarily failed because plaintiff could not establish a cause of action under any of the other counts in the complaint, including breach of contract); *see also Alcman Servs. Corp. v. Joseph A. Cairone, Inc.*, C.A. No. 91-5213, 1992 WL 50097, at *4 (E.D. Pa. Mar. 10, 1992) (dismissing a declaratory judgment claim against a defendant not a party to the contract between plaintiff and another defendant).

Here, each of the three counts in Huons' Complaint are contract-based, and concern either a breach of the LSA, or relate to the Defendant's alleged obligations under the LSA. (*See* D.I. 1 at pg. 10 (Count I for "Breach of Contract"); pg. 11 (Count II for "Declaratory Judgment – Termination of the LSA"); pg. 11 (Count III for "Injunctive Relief" relating to obligations under the LSA)). However, as detailed above, Aquavit Nevada is not a party to the LSA. Nor does Huons make any allegations that Aquavit Nevada acted as Aquavit Bahamas' alter ego or agent with respect to the LSA. Accordingly, Aquavit Nevada cannot be liable for breaching the LSA or subject to an injunction regarding alleged future breaches, and Huons' Complaint should be dismissed in its entirety for failure to state a claim.

## V. CONCLUSION

For the foregoing reasons, Aquavit Nevada' motion to dismiss Huons' Complaint should be granted.

Dated: November 10, 2025

Respectfully submitted,

FARNAN LLP

/s/ Michael J. Farnan

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market Street, 12th Floor
Wilmington, Delaware 19801
(302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Defendant*
*Aquavit Holdings, LLC*

OF COUNSEL:

Michael DeVincenzo (*pro hac vice*)
Charles Wizenfeld (*pro hac vice*)
Andrea Pacelli (*pro hac vice*)
KING & WOOD MALLESONS LLP
500 5th Avenue, 50th Floor
New York, New York 10110
(212) 319-4755
michael.devincenzo@us.kwm.com
charles.wizenfeld@us.kwm.com
andrea.pacelli@us.kwm.com