**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| HUONS BIOPHARMA CO., LTD.,<br><br>Plaintiff,<br><br>v.<br><br>AQUAVIT HOLDINGS, LLC,<br><br>Defendant. | Civil Action No: 25-cv-636-RGA (Consolidated)<br><br>**JURY TRIAL DEMANDED** |

**AQUAVIT HOLDINGS, LLC'S MOTION FOR ENTRY OF AN ORDER DECLARING WAIVER OF SERVICE, OR, IN THE ALTERNATIVE, FOR LEAVE TO EFFECT ALTERNATIVE SERVICE**

## I. INTRODUCTION

Aquavit Holdings, LLC ("Aquavit-Bahamas") respectfully moves the Court for an order declaring that Huons BioPharma Co., Ltd. ("Huons") has waived service in Civil Action No. 25-cv-748-RGA ("748 Action") based on Huons' unqualified appearances and affirmative participation in this action prior to service, or, in the alternative, granting leave under Rule 4(f)(3) of the Federal Rules of Civil Procedure to effect alternative service on Huons via email to its U.S. counsel of record, in lieu of service under the Hague Convention.

Huons has already invoked this Court's processes in the above-captioned action without qualification by making general appearances and moving to consolidate this case ("748 Action") with its first-filed action in 25-cv-636-RGA ("636 Action"), and by urging the Court to accept consolidation so the cases can proceed on the merits notwithstanding service. After receiving a non-opposition on that basis from Aquavit-Bahamas, this Court granted Huons' requested relief in this action. When Aquavit-Bahamas sought to move the cases forward, Huons changed course, refusing to participate and claiming it had not yet been properly served, despite having

made a general appearance and urging for consolidation so that what it characterized as "procedural games" would end. Ultimately, Huons' general appearance, its request for relief in this action, and the basis for such relief demonstrate that Huons has agreed to proceed in this action and waived service.

At minimum, even if the Court concludes that Huons preserved its objections to proceeding with this action due to lack of service, good cause exists to authorize service by email on Huons' counsel of record under Rule 4(f)(3). That method is targeted, reasonably calculated to provide Huons notice, not prohibited by international agreement, and will avoid the unnecessary delay and expense of Hague Convention service which would otherwise prejudice Aquavit's ability to obtain prompt relief and case management. Notably, Huons already sought, and obtained, leave of the Court to effect alternative service of process of its Complaint against Aquavit Holdings, LLC of Nevada ("Aquavit-NV") via email on Aquavit-NV's principal. (636 Action, D.I. 27 at 2). Huons cannot credibly advocate for alternative service of its Complaint while at the same time suggest that service of Aquavit-Bahamas' Complaint via email on its U.S. counsel—who have already appeared in and are actively litigating the 748 Action—will deprive it of any due process. Huons' insistence on Hague service serves no purpose other than to impose unnecessary delay, burden, and expense and should be rejected.

## II. BACKGROUND

On May 22, 2025, Huons filed its complaint against Aquavit-NV concerning a dispute over a License and Supply Agreement ("LSA") previously entered into between Huons and Aquavit-Bahamas. (636 Action, D.I. 1). On June 17, 2025, Aquavit-Bahamas filed its action against Huons concerning the LSA. (748 Action, D.I. 1). Counsel for Huons and Aquavit-Bahamas discussed a mutual exchange of service of the Complaints in the respective actions, and Huons offered to waive service of Aquavit-Bahamas' complaint if Aquavit-NV would waive

service in the Huons-filed action—an offer demonstrating Huons' willingness to proceed without formal service. (*See* 636 Action, D.I. 15 at 5; 748 Action, D.I. 23 at 1). The parties did not reach agreement on such exchange.

Subsequently, on September 25, 2025, and before any service was effected, Huons' U.S. counsel entered appearances on the docket in the 748 Action without limitation. (748 Action, D.I. 21, 22). That same day, Huons filed a motion requesting the Court to consolidate this case with its earlier-filed 636 Action. (748 Action, D.I. 18). Notably, Huons' motion raised no objection based on improper service and only requested an Order directing the Clerk of Court to consolidate the two actions. (*See id*. at 1). In support of the consolidation motion, Huons' lead outside counsel, Mr. Phillips, filed an evidentiary declaration representing that he was Huons' counsel in both actions. (748 Action, D.I. 20 at 1). In its opening brief in support of the consolidation motion, Huons argued that consolidation was appropriate because the two actions are "mirror images of each other" (748 Action, D.I. 19 at 8) and explained that it was seeking consolidation to "avoid duplication and inconsistent judgments, for judicial economy and efficiency, and to facilitate the administration of justice." (*Id*. at 2). Huons represented that consolidation would "obviate … procedural games … and, instead, ***allow resolution of the present dispute to move forward***." (*Id*. at 7) (emphasis added). Based on Huons' representation, Aquavit-Bahamas did not oppose the consolidation request on the condition that "any consolidation must preserve the corporate distinctions between [the different Aquavit] entities and the defenses that flow from those distinctions." (748 Action, D.I. 24 at 2). On October 21, 2025, the Court granted Huons' consolidation motion. (748 Action, D.I. 28).

At no point before having its counsel enter unqualified appearances and filing its successful motion to consolidate (i.e., entering general appearances and seeking affirmative

relief), did Huons attempt to raise or preserve a defense based on service, or attempt to limit its counsel's appearance in this action in any way to contest service, or dispute that consolidation would allow this case to proceed. Based on Huons' conduct, Aquavit-Bahamas understood that Huons had waived service in this action, and noted such understanding in a September 29, 2025 status report to the Court. (748 Action, D.I. 23 at 2). Indeed, in an October 24, 2025 order in the 636 Action, the Court noted that "it is possible that Huons has waived service" in the 748 Action. (*See* 636 Action, D.I. 27 at 2). Nevertheless, in its November 10, 2025 response to Aquavit-Bahamas' motion for a preliminary injunction, Huons for the first time attempted to "reserve[] its objections to personal jurisdiction and the sufficiency of service of process" (636 Action, D.I. 34 at 1), and disputed Aquavit-Bahamas' contention that it had waived service through its conduct. (*Id*. at 1 n.3). Based on Huons' apparent attempt to change its position, on November 14, 2025, Aquavit-Bahamas' counsel requested a meet and confer to discuss the waiver issue. (Ex. A (11-14-25 Wizenfeld Email)).[1] Counsel for Huons was first available on December 3, 2025. (Ex. B (12-3-25 Phillips Email)). The parties conferred but could not reach agreement, necessitating this motion.

## III. ARGUMENT

### A. Huons Waived Service by Making a General Appearance and Seeking Merits-Advancing Relief Before Challenging Service

A defendant can waive objections to service when it engages in conduct constituting a general appearance or otherwise invokes the Court's authority on matters going to the merits or case disposition prior to service. *See, e.g., Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinée*, 456 U.S. 694, 703–05 (1982) (personal jurisdiction defenses are waivable by

[1] Exhibits A and B are attached to the contemporaneously-filed Declaration of Michael DeVincenzo.

litigation conduct); *McCurdy v. American Bd. of Plastic Surgery*, 157 F.3d 191, 194 (3d Cir. 1998) ("This court has long recognized that objections to service of process are waived if not timely raised."); *In re Asbestos Prods. Liab. Litig. (No. VI)*, 921 F.3d 98, 108 (3d Cir. 2019) (*citing Ins. Corp. of Ireland, Ltd.*, 456 U.S. at 704–705) ("The law is clear that words alone are insufficient to preserve a personal jurisdiction defense where conduct indicates waiver. And defendants can forfeit the defense even through conduct that is involuntary."); *Fleehr v. Mummert*, 857 A.2d 683, 685 (Pa. Super. Ct. 2004) ("A defendant manifests an intent to submit to the court's jurisdiction when the defendant takes some action (beyond merely entering a written appearance) going to the merits of the case, which evidences an intent to forego objection to the defective service." (internal quotations omitted)); *Trustees of Cent. Laborers' Welfare Fund v. Lowery*, 924 F.2d 731, 732 (7th Cir. 1991) (*quoting Marcial Ucin, S.A. v. SS Galicia*, 723 F.2d 994, 996–997 (1st Cir. 1983)) (defense of insufficient service of process "like the other privileged defenses referred to in Rule 12(h)(1), may be waived by 'formal submission in a cause, or by submission through conduct.'").

Such waiver can occur, for example, when a party seeks some type of affirmative relief from the Court or actively participates in a court hearing or motion without preserving jurisdictional defenses. *See, e.g., Wyrough & Loser, Inc. v. Pelmor Labs., Inc.*, 376 F.2d 543, 545 (3d Cir. 1967) (finding waiver of personal jurisdiction defense where defendant actively participated in an injunction hearing); *Bel-Ray Co., Inc. v. Chemrite (Pty) Ltd.*, 181 F.3d 435, 443 (3d Cir. 1999) (recognizing that "where a party seeks affirmative relief from a court, it normally submits itself to the jurisdiction of the court with respect to the adjudication of claims arising from the same subject matter."); *see also Myers v. American Dental Ass'n*, 695 F.2d 716, 721 (3d Cir. 1982) (noting "strong policy against tardily raising defenses that go not to the merits of the

case but to the legal adequacy of the initial steps taken by the plaintiff in his litigation, namely his service of process on the defendant and his choice of forum for the action."); *Fleehr*, 857 A.2d at 685–86 (finding waiver of improper service defense where defendant's counsel agreed to consolidation of actions).

Here, Huons' conduct amounts to a waiver of the right to raise service objections. As detailed above, Huons made a pre-appearance offer to waive service conditioned on a reciprocal waiver by Aquavit-NV, evidencing an intent to proceed without insisting on formal service while simultaneously invoking the Court's processes. When those discussions did not culminate in agreement, Huons' counsel made general, unqualified appearances on the docket in this case. (*See* 748 Action, D.I. 20, 21, 22). No contemporaneous filing limited those appearances to a special appearance to contest service or personal jurisdiction. At the same time, Huons affirmatively moved to consolidate this action with its earlier case, urging the Court to treat the cases as "mirror images," to "obviate" perceived procedural maneuvering, and to "allow resolution of the present dispute to move forward." (748 Action, D.I. 19 at 7, 8). Thereafter, Aquavit-Bahamas did not oppose such consolidation, and the Court granted consolidation allowing the disputes to move forward, as Huons requested, all before Huons attempted to preserve an objection to proceeding based on lack of service. Huons' own actions sought to advance adjudication and case management in a way that goes beyond mere compliance with a court directive and was clearly indicative of an intent to make a general appearance. Courts have treated such consolidation-seeking conduct as acceptance of service where it manifests consent to proceed in the forum. *See Fleehr*, 857 A.2d at 685–86 (holding defendant's counsel's "actions before the court in seeking consolidation" constituted taking "affirmative action to show consent to the trial court's general in personam jurisdiction," and finding that agreeing to consolidate

"must be seen as recognition of acceptance of the Fleehrs' complaint, for absent such there was nothing to consolidate").[2]

In the 636 Action, Huons' counsel criticized Aquavit-Bahamas' filing of "its mirror-image complaint in a separate action rather than as [a] compulsory counterclaim in [the 636 Action]." (636 Action, D.I. 15 at 5). While Aquavit does not agree with Huons' assertion, by Huons' own logic, if this action represents a compulsory counterclaim in the 636 Action, it could have been filed in that case and there "would have been no question of service." *Fleehr*, 857 A.2d at 685 (in finding waiver of service by conduct in seeking consolidation of two cases, noting that second complaint "could have been filed as a counterclaim along with an answer in [first] action, as they are based upon the same factual circumstance," and noting that "[h]ad it been filed as such, there would be no question of service."). Huons used its consolidation motion to shape the landscape of these two competing actions and ensure they were on the same schedule for tactical reasons, only to turn around and attempt to stand on a service defense it consciously waived by representing consolidation would allow this action to proceed. Huons' unqualified participation and merits-oriented advocacy are inconsistent with preservation of a defense based on lack of

[2] In its response to Aquavit's preliminary injunction motion, Huons cited *Tracinda Corp. v. Daimlerchrysler AG*, 197 F. Supp. 2d 86 (D. Del. 2002) as support for its failure to preserve any objections based on lack of service. (636 Action, D.I. 34 at 1 n.4). Huons' reliance on *Tracinda* is misplaced. There, the defendant had already preserved its jurisdictional defenses by moving to dismiss in his first filing with the court, ***before*** any consolidation issue arose. *Tracinda*, 197 F. Supp. 2d at 91. The court also stressed that the defendant "did not actively litigate the consolidation issue before the Court by filing motions or briefing," and merely submitted a letter expressing a preference as to how the other defendants' motion should be handled. *Id*. at 92. Huons' conduct is the opposite: Huons filed no Rule 12(b)(2) or 12(b)(5) motion, entered unqualified appearances, filed its own motion to consolidate, fully briefed the issue, and affirmatively urged this Court to "move forward" with adjudication. (748 Action, D.I. 19 at 7). Thus, *Tracinda* undermines Huons' position, as it confirms that a defendant who has not preserved its objections and who actively seeks affirmative relief waives those defenses.

service. Its attempt to delay resolution of Aquavit-Bahamas' claims by now insisting on Hague service should be seen as what it is: an attempt to waste party resources.

For these reasons, the Court should declare that Huons has waived service in this action and deem service satisfied as of the date of Huons' general appearances.

### B. Alternatively, the Court Should Authorize Alternative Service Via Email to Huons' U.S. Counsel Under Rule 4(f)(3)

Even if the Court declines to find Huons already waived service objections through its conduct, it should authorize alternative service under Rule 4(f)(3) by directing that Aquavit-Bahamas may serve Huons via email on Huons' U.S. counsel of record in this case. Service on Huons, a foreign corporation based in Korea, is governed by Rule 4(f). *See* Fed. R. Civ. P. 4(h)(2) (stating that a foreign corporation can be served "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)."). "Pursuant to Rule 4(f)(3), the Court may order that service be made by any means not prohibited by an international agreement, as long as the chosen means satisfies the due process requirement of being 'reasonably calculated' to apprise the parties of interest of the action." *Ocimum Biosolutions (India) Ltd. v. LG Chem. Ltd.*, C.A. No. 19-2227 (MN), 2021 WL 2403134, at *2 (D. Del. June 11, 2021); *see also In re Heckmann Corp. Sec. Litig.*, C.A. No. 10-378-LPS-MPT, 2011 WL 5855333, at *3 (D. Del. Nov. 22, 2011); *Divx, LLC v. LG Elecs. Inc.*, C.A. No. 20-1202-CFC-JLH, 2021 WL 411708, at *2 (D. Del. Feb. 5, 2021); Fed. R. Civ. P. 4(f)(3). As the Hague Convention neither addresses nor prohibits service via email, service via email on Huons' U.S. counsel is not prohibited. *See Ocimum*, 2021 WL 2403134, at *2.

"Service under Rule 4(f)(3) is not a last resort or extraordinary relief," and "it is not necessary that a plaintiff first attempt every permissible type of service prior to seeking relief from the court under rule 4(f)(3)." *Heckmann*, 2011 WL 5855333, at *3. This Court has

permitted alternative service on counsel without requiring that plaintiff first attempt Hague service, so long as it can be shown that counsel is in contact with the defendant regarding the matter such that service on counsel is reasonably calculated to provide notice to the defendant. *See, e.g., Ocimum*, 2021 WL 2403134, at *2; *Divx*, 2021 WL 411708, at *2.

Here, Huons' counsel have already entered appearances in this action, and are actively litigating on Huons' behalf in this Court, including filing a consolidation motion and opposing a preliminary injunction. In other words, there is clearly "regular contact between the attorney and the defendant," *Heckman*, 2011 WL 5855333, at *4, and email service on Huons' counsel of record in this action leaves no question that Huons already is receiving notice through such method. Moreover, allowing the requested alternative service will facilitate the orderly progress of both cases contemplated by Huons' request to consolidate the actions to allow them "to move forward." (748 Action, D.I. 19 at 7). Nor is there any discernible prejudice to Huons through the requested alternative service. Indeed, as detailed above, Huons' counsel already expressed a willingness to accept service via a mutual waiver, demonstrating the lack of any prejudice. Conversely, requiring Hague service would impose substantial, unnecessary delay and burden in a time-sensitive dispute. Aquavit-Bahamas asks nothing more than to serve Huons via its existing U.S. counsel that has been retained to represent it in this very case, and to allow the case to proceed in precisely the manner urged by Huons as part of its consolidation motion.

Accordingly, the Court should grant alternative service on Huons via email to its U.S. counsel of record in this action.

## IV. CONCLUSION

For the foregoing reasons, Aquavit respectfully requests that the Court grant its motion, and issue an order declaring that Huons has waived service, or, in the alternative, authorizing

alternative service of the Summons and Complaint on Huons by email to its U.S. counsel of record who have already appeared in this case.

Dated: December 11, 2025

Respectfully submitted,

FARNAN LLP

/s/ Michael J. Farnan
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market St., 12th Floor
Wilmington, DE 19801
(302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Michael DeVincenzo (*pro hac vice*)
Charles Wizenfeld (*pro hac vice*)
Andrea Pacelli (*pro hac vice*)
KING & WOOD MALLESONS LLP
500 5th Avenue, 50th Floor
New York, New York 10110
(212) 319-4755
michael.devincenzo@us.kwm.com
charles.wizenfeld@us.kwm.com
andrea.pacelli@us.kwm.com

*Attorneys for Defendant Aquavit Holdings, LLC*