IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HUONS BIOPHARMA CO., LTD.,<br><br>Plaintiff,<br><br>v.<br><br>AQUAVIT HOLDINGS, LLC,<br><br>Defendant. | Civil Action No. 25-636-RGA |

ORDER

A Bahamian company sued a Korean company for what might generally be described as breach of contract, misappropriation of trade secrets, and a declaratory judgment. (No. 25-748, D.I. 2). Three weeks later Plaintiff filed a motion for a preliminary injunction. (*Id.*, D.I. 8). Because there was an earlier-filed suit between the Korean company and company related to the Bahamian company, the cases were consolidated. (*Id.*, D.I. 28). The motion for a preliminary injunction was deactivated in No. 25-748, and activated in the earlier suit. (D.I. 34).[1] The motion has been fully briefed. The relief that Plaintiff seeks is to enjoin Defendant from "continuing its refusal to cooperate with respect to Plaintiff's efforts to secure regulatory approvals to market and sell Defendant's Botulinum toxin Type A drug products" pursuant to a licensing and supply agreement, and from "continuing to violate the confidentiality provisions" of that agreement. (No. 25-748, D.I. 8-1).

Plaintiff offers the following evidence in support of its motion: a copy of the licensing agreement (*id.*, D.I. 2-1), a declaration of its CEO, Sobin Chang (*id.*, D.I. 10-1), and four letters and four emails (*id.*, D.I. 10-3 to D.I. 10-10). The basis for the motion for the preliminary

[1] When no case no. is recited, I am referring to the docket in No. 25-636.

injunction is essentially breach of contract including breach because Huons filed the unredacted contract in its earlier suit.

Plaintiff's motion faces an uphill battle.

> Rarely do courts grant injunctive relief before the plaintiff secures a judgment. And even more rarely is that relief granted in contract cases, where it is usually the case that monetary damages can later be quantified, so the plaintiff's alleged injury does not qualify as "irreparable harm." Nevertheless, in some contexts, we have recognized that the complexity or risk of permanent alteration of a given market can make ascertaining legal loss impossible and thus render monetary damages impractical.

*Johnson & Johnson v. Samsung Bioepis Co.*, 173 F.4th 454, 457 (3d Cir. 2026).

I will skip any discussion of probability of success on the merits. I will deny Plaintiff's motion for a lack of showing of any irreparable harm. First, assuming that the public disclosure of the contract was a breach of the contract, it is not an ongoing harm. An injunction cannot alter the amount of harm it caused. Second, the harm from termination of the contract can be remedied by monetary damages. Plaintiff says that it has invested millions of dollars in the botulinum project, and it implies that it has lost (or might lose) millions more of investor dollars as a consequence. (No. 25-748, D.I. 10-1 at ¶23). These losses sound like the sort of economic damages that Plaintiff can calculate and seek to recover from Defendant. Defendant asserts "reputational wounds" (*id*., D.I. 10-1 at ¶30), but there is no injunction that I could enter that would address that issue. Essentially, Plaintiff wants me to grant specific performance and to order Huons to "cooperate" with Plaintiff on the business venture envisioned by the contract. I do not think that would be a feasible order.

The motion for a preliminary injunction (D.I. 34) is DENIED.

IT IS SO ORDERED this 30th day of September 2026.

/s/ Richard G. Andrews
United States District Judge