**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| HUONS BIOPHARMA CO., LTD.,<br>Plaintiff,<br>v.<br>AQUAVIT HOLDINGS, LLC, a Nevada limited liability company,<br>Defendant. | C.A. No. 25-cv-636-RGA |
| AQUAVIT HOLDINGS, LLC, a Bahamas international business company,<br>Plaintiff,<br>v.<br>HUONS BIOPHARMA CO., LTD.,<br>Defendant. | C.A. No. 25-cv-748-RGA |

**MOTION BY CHARLES WIZENFELD, MICHAEL DEVINCENZO, ANDREA PACELLI, AND FARNAN LLP TO WITHDRAW AS COUNSEL FOR AQUAVIT HOLDINGS, LLC**

Pursuant to Local Rule of Civil Procedure 83.7 and Model Rule of Professional Conduct of the American Bar Association 1.16(b)(6), counsel for Aquavit Holdings, LLC ("Aquavit") in the above-captioned consolidated actions, Charles Wizenfeld, Michael S. DeVincenzo, and Andrea Pacelli of Hecht Partners LLP, and Brian E. Farnan and Michael J. Farnan of Farnan LLP (collectively, "Aquavit's Counsel"), hereby move to withdraw as counsel for Aquavit. In support thereof, Aquavit's Counsel state as follows:

1. Plaintiff Huons BioPharma Co., Ltd. ("Huons") filed its Complaint against Aquavit in this Court, C.A. No. 25-cv-636-RGA, on May 22, 2025.

2. Aquavit filed its Complaint against Huons in this Court, C.A. No. 25-cv-748-RGA, on June 17, 2025.

3. By Order dated October 21, 2025 (D.I. 26, C.A. No. 25-cv-636-RGA), the Court consolidated the two actions, with C.A. No. 25-cv-636-RGA designated as the lead case for all future filings.

4. Brian E. Farnan and Michael J. Farnan of Farnan LLP have served as Delaware counsel for Aquavit in these consolidated actions.

5. Charles Wizenfeld, Michael S. DeVincenzo, and Andrea Pacelli have appeared as counsel for Aquavit in these consolidated actions, admitted pro hac vice, while affiliated with King & Wood Mallesons LLP.

6. Effective August 10, 2026, Mr. Wizenfeld, Mr. DeVincenzo, and Mr. Pacelli joined Hecht Partners LLP and are no longer affiliated with King & Wood Mallesons LLP.

7. Aquavit and counsel have had long-standing discussions about fees owed that led to irreconcilable differences with respect to fees owed to Aquavit's Counsel. In addition, Aquavit's Counsel has experienced significant difficulty in communicating with Aquavit for extended periods, including the approximately five month period preceding Aquavit's Counsel's August 17, 2026 notice of its intent to file this Motion.

8. Thus, pursuant to Model Rule of Professional Conduct of the American Bar Association 1.16(b)(6), continued representation of Aquavit has become unreasonably difficult and will result in an unreasonable financial burden on Aquavit's Counsel going forward.

9. Aquavit's interests will not be prejudiced by the withdrawal of Aquavit's Counsel at this time because the Court has not yet ruled on Aquavit's pending motion to dismiss Huons' Complaint for lack of personal jurisdiction (D.I. 29), and has just recently ruled on Aquavit's request for preliminary injunctive relief on September 30, 2026 (D.I. 70), and granted Aquavit's motion relating to service (D.I. 61) to the extent it sought leave to effect alternative service (D.I. 71). No discovery has taken place or been requested and no trial date or further case-scheduling deadlines are currently set in either action.

10. Pursuant to D. Del. LR 83.7, Aquavit's Counsel provided Aquavit with notice of its intent to withdraw on August 17, 2026, and corresponded with Aquavit regarding the substance of this Motion thereafter. In a September 4, 2026 email, Aquavit's principal, Ms. Sobin Chang, indicated that she does not wish to continue the engagement of Messrs. Wizenfeld, DeVincenzo, or Pacelli at their new firm, Hecht Partners LLP, and would consent to withdrawal once successor counsel has appeared, and would otherwise ask that any withdrawal be conditioned on a reasonable transition period. Thereafter, on September 10, 14, and 23, 2026, Aquavit's Counsel asked Ms. Chang to state how much time Aquavit requires to obtain new counsel. Ms. Chang has not responded to those requests. On October 6, 2026, in response to an October 1, 2026 email from Aquavit's Counsel transmitting this Court's September 30, 2026 orders and again advising of its intent to file this Motion, Ms. Chang asked that Aquavit's Counsel not move forward with any filing.

11. Pursuant to D. Del. LR 7.1.1, Aquavit's Counsel has informed counsel for Huons of this Motion, and Huons' counsel indicated that Huons does not oppose the relief requested herein. However, Huons' counsel further indicated its position that in the event Aquavit does not retain new counsel within 30 days it shall be permitted to seek default judgment against Aquavit.

WHEREFORE, Aquavit's Counsel respectfully requests that the Court grant this Motion in its entirety and allow Charles Wizenfeld, Michael S. DeVincenzo, Andrea Pacelli, and Brian E. Farnan and Michael J. Farnan of Farnan LLP to withdraw from their representation of Aquavit Holdings, LLC in the above-captioned consolidated actions.

Dated: October 6, 2026

Respectfully submitted,

FARNAN LLP

/s/ Michael J. Farnan

Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market St., 12th Floor
Wilmington, DE 19801
(302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Michael DeVincenzo (*pro hac vice*)
Charles Wizenfeld (*pro hac vice*)
Andrea Pacelli (*pro hac vice*)
HECHT PARTNERS LLP
125 Park Avenue, 25th Floor
New York, New York 10017
(212) 851-6821
mdevincenzo@hechtpartners.com
cwizenfeld@hechtpartners.com
apacelli@hechtpartners.com

*Attorneys for Aquavit Holdings, LLC*