**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| HUONS BIOPHARMA CO., LTD.,<br>Plaintiff,<br>v.<br>AQUAVIT HOLDINGS, LLC,<br>Defendant. | Civil Action No. 25-636-RGA |

MEMORANDUM ORDER

Before me is Defendant's Motion to Dismiss. (D.I. 29).[1] I have considered the parties' briefing. (D.I. 29, 49, 55, 60[2]). For the reasons set forth below, this motion is DENIED.

## I. BACKGROUND

Plaintiff Huons BioPharma Co., Ltd. ("Huons") is a Korean pharmaceutical company that developed and manufactures a "botulinum toxin type-A, commonly known in the U.S. as 'Botox.'" (D.I. 1 ¶¶ 5, 11). On April 12, 2021, Huons entered into a License and Supply Agreement (D.I. 9) (hereinafter, "LSA") with Aquavit Holdings, LLC (*id.* at 2 of 23), in which the latter party agreed to register, distribute, and commercialize a Huons product in the United States (D.I. 1 ¶ 1).

In May 2025, Huons sued Aquavit Holdings, LLC, a Nevada LLC, (hereinafter, "Aquavit Nevada") for claims regarding the LSA. (*Id.* ¶ 6). A month later, a Bahamian International Business Company ("IBC") also named Aquavit Holdings, LLC (hereinafter, "Aquavit Bahamas") sued Huons. (Case No. 25-748, D.I. 2). The two cases were consolidated. (D.I. 26). Aquavit

[1] When no case number is recited, I am referring to the docket in No. 25-636.
[2] The parties stipulated to permit Plaintiff leave to file a sur-reply in further opposition to the motion to dismiss. (D.I. 59).

Nevada and Aquavit Bahamas (collectively, "Defendants") are both parties in the consolidated case. Defendants move to dismiss Huons's complaint (D.I. 1) against Aquavit Nevada.

## II. LEGAL STANDARDS

When considering a motion to dismiss for lack of personal jurisdiction, improper venue, or failure to state a claim, the court must generally accept as true the allegations in the pleadings and must view the facts in the light most favorable to the nonmoving party. *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 457 (3d Cir. 2003) (lack of personal jurisdiction); *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002) (improper venue); *Maio v. Aetna, Inc.*, 221 F.3d 472, 481–82 (3d Cir. 2000) (failure to state a claim).

Once a jurisdictional defense is raised, the plaintiff bears the burden of establishing, by a preponderance of the evidence and with reasonable particularity, the existence of sufficient minimum contacts between the defendant and the forum to support jurisdiction. *Marnavi S.p.A. v. Keehan*, 900 F. Supp. 2d 377, 385 (D. Del. 2012) (citing cases). To meet this burden, the Plaintiff must produce sworn affidavits or other competent evidence. *Id.* (citing cases). "If no evidentiary hearing has been held, a plaintiff need only establish a prima facie case of personal jurisdiction." *Id.* (internal quotation marks omitted) (citing cases). A court is free to revisit the issue of personal jurisdiction if it is later revealed that the facts alleged in support of jurisdiction are in dispute. *See Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 331 (3d Cir. 2009).

Venue for a civil action is proper in (1) "a judicial district in which any defendant resides, if all defendants are residents of the State"; (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred"; or (3) "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction." 28 U.S.C. § 1391(b). A defendant "shall

be deemed to reside . . . in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." *Id.* § 1391(c)(2). "When confronted with a motion to dismiss for improper venue, the court may consider both the complaint and evidence outside the complaint." *Boston Sci. Corp. v. Cook Grp. Inc.*, 269 F. Supp. 3d 229, 234 (D. Del. 2017).

Under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558.

## III. DISCUSSION

Defendants present three theories for dismissal: lack of personal jurisdiction under Rule 12(b)(2) (D.I. 29 at 4–5), improper venue under Rule 12(b)(3) (*id.* at 5), and failure to state a claim under Rule 12(b)(6) (*id.* at 6–7). All are based on the assertion that it was Aquavit Bahamas, not Aquavit Nevada, that executed the LSA. (*Id.* at 1). According to Defendants, "Aquavit Nevada did not sign, assume, or perform under the LSA" and therefore has "no contractual, financial, or jurisdictional relationship with Huons." (*Id.*; *see also* D.I. 55 at 1).

The LSA is a contract governed by Delaware law. (LSA § 22). Dismissal of the contract claims here "is proper only if the defendants' interpretation is the only reasonable construction as a matter of law." *Zweigenhaft v. PharMerica Corp.*, 2020 WL 5258345, at *1 (D. Del. Sept. 3,

2020) (quoting *VLIW Tech., LLC v. Hewlett-Packard Co.*, 840 A.2d 606, 615 (Del. 2003)). If Huons's allegation that the signatory is Aquavit Nevada is reasonable, I cannot dismiss the case.

Huons contends that Aquavit Bahamas was formed after the LSA was executed and therefore could not be the signing Aquavit entity. In signing the LSA, each party represented that it was "duly organized and validly existing and in good standing under the laws of the jurisdiction of its organization." (LSA § 18.1(a)). It is undisputed that Aquavit Bahamas was formed on April 14, 2021, after the LSA's April 12, 2021 execution date. (D.I. 53 Ex. D; *see also* D.I. 49 at 7; D.I. 55 at 3–5). Huons therefore could have expected that the LSA signatory was the existing Aquavit entity, *i.e.*, Aquavit Nevada. Defendants assert based on parol evidence that Aquavit Bahamas was the intended signatory (D.I. 55 at 3–5), but they do not show as a matter of law that their position is the only reasonable one. Based on the LSA's language, I think Huons's proposed interpretation is reasonable.

Huons relies on the LSA's forum selection clause as additional support that its LSA counterparty was Aquavit Nevada. According to this clause, the parties "submit[] to the exclusive jurisdiction of the Federal Courts of the State of Delaware." (LSA § 22). If Aquavit Bahamas were the signatory, then the LSA would be between two foreign entities (Aquavit Bahamas and Huons), and any contract disputes would be beyond this court's jurisdiction. *See* 28 U.S.C. § 1332(a); *Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 580–81 (2d Cir. 2002); *HF Hunter Shipping PTE. Ltd v. Atl. Oceanic LLC*, 2025 WL 3063456, at *3 (D. Del. Nov. 3, 2025), *report and recommendation adopted* 2025 WL 3471585 (D. Del. Dec. 3, 2025) ("Regardless of the country of citizenship, the presence of an alien on both sides of the controversy renders the dispute outside the reach of § 1332(a)(2)."). In other words, the forum selection clause

would have no effect. On the other hand, district court jurisdiction over a civil action between a U.S. entity and a foreign entity, such as Aquavit Nevada and Huons, would be appropriate.

Defendants dismiss the importance of the forum selection clause in this dispute. (D.I. 55 at 2–3). They say this provision "applies only to the extent federal jurisdiction exists" and remark that even exclusive jurisdiction has its limits. (*Id.*). I find this argument unavailing. Defendants ask me to interpret the LSA so that the forum selection clause has no effect whatsoever. This I should not do. The court must read the LSA as a whole and give effect to all provisions in it "if . . . reasonably possible." *United States v. Sanofi-Aventis U.S. LLC*, 226 A.3d 1117, 1129 (Del. 2020). The presence of this forum selection clause indicates that the parties expected the Aquavit signatory to be a U.S. entity.

Defendants' main argument based on intrinsic evidence is that the LSA states that Aquavit Holdings, LLC has its main office in "Nassau, The Bahamas." (LSA at 2 of 23). They also point out that the LSA does not specifically reference Aquavit Nevada. (*See* D.I. 29 at 2, 6; *see generally* LSA). These facts, Defendants contend, show that the entity that signed the agreement is Aquavit Bahamas. (D.I. 29 at 2; D.I. 55 at 1). I am not persuaded. Having a main office in The Bahamas is not by itself sufficient to show that an entity is Bahamian. Moreover, the LSA references neither a Nevadan nor a Bahamian entity. Indeed, the LSA mentions only "Aquavit Holdings, LLC."

Accepting as true the allegations in the pleadings and viewing the facts in the light most favorable to the nonmoving party, it would be reasonable to conclude that the signatory to the LSA was Aquavit Nevada. I assume as such in addressing Defendants' arguments for their motion to dismiss. Defendants assert that this court lacks personal jurisdiction over Aquavit Nevada (D.I. 29 at 4–5) and that venue is improper here (*id.* at 5). Accepting Huons's allegations that Aquavit Nevada signed the LSA, Aquavit Nevada thereby submitted to the exclusive jurisdiction of this

court. Thus, this court has personal jurisdiction over this party, and venue is indeed proper. As for failure to state a claim, Defendants argue only that there is no contract between Huons and Aquavit Nevada, so there are no grounds for Huons's contract-based claims against this entity. Taking Huons's pleadings as true, this argument is baseless.

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (D.I. 29) is DENIED.

IT IS SO ORDERED.

Entered this 7th day of October, 2026

United States District Judge